IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LASHAUCHLAN BENN                                                                            PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:08cv93-KS-MTP

SERGEANT GLEN NOBLES, ET AL.                                          DEFENDANTS

## ORDER

This matter is before the court on the Plaintiff's Motion to Dismiss Defendants' Attorney [33]. Having considered the submissions of the parties, the court finds that the Motion [33] should be denied.

Plaintiff asserts that the Defendants' attorney, James Dukes, Jr., has represented him in the past and knows personal and confidential information about him. He claims this presents a conflict of interest and that Defendants should retain a new attorney.

In their Response [35] to the motion, Defendants state that James K. Dukes, Jr. represented the Plaintiff in a criminal matter in the early nineties, but has not represented him since that time. Defendants further represent that Mr. Dukes's prior representation of Plaintiff was not even remotely related to the pending case and that there is no conflict of interest. Defendants represent that Mr. Dukes has no knowledge of any confidential information from the prior representation that would give any advantage to the Defendants. Finally, the Defendants state that any information that Mr. Dukes might have had in his client file regarding the Plaintiff from the early nineties has long since been destroyed.

Uniform District Court Rule 83.5 provides that any "attorney who makes an appearance in any case in the district court is bound by the provisions of the Mississippi Rules of Professional Conduct and is subject to discipline for violation thereof." *See* Local Rule 83.5.

Rule 1.9 of the Mississippi Rules of Professional Conduct delineates a lawyer's duty of loyalty and confidentiality to former clients. Absent former client consent, a lawyer shall not represent a current client "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." Miss. R. Prof. Conduct 1.9. Rule 1.9 further provides that a lawyer may not "use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known." *Id*.

Plaintiff has failed to establish that Mr. Dukes's former representation of him in a criminal matter in the early nineties is substantially related to the instant matter regarding events that allegedly occurred at the Forrest County Jail in 2008. Indeed, he has failed to establish any relation at all between this matter and the prior representation that occurred over ten years ago. Accordingly,

IT IS, THEREFORE, ORDERED:

That Plaintiff's Motion to Dismiss Defendants' Attorney [33] is DENIED.

SO ORDERED this the 14th day of May, 2009.

s/ Michael T. Parker  
United States Magistrate Judge